# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SPECIALTY MEDICAL EQUIPMENT, INC.,**

         Plaintiff/Counter-Defendant,

                                  Case No. 2:25-cv-10664-MAG-CI

v.                                   Hon. Mark A. Goldsmith

                                  Magistrate Curtis Ivy, Jr.

**MARK DOBRONSKI,**

         Defendant/Counter-Plaintiff,

v.

**GOHEALTH, 360, LLC,** a Delaware
Limited liability company and
**FELISHA TOLEDO,** a Florida Resident,

         Additional Counter-Claim Defendants.

_____/

## MOTION OF COUNTER-DEFENDANTS SPECIALTY MEDICAL EQUIPMENT, INC., GOHEALTH360, LLC, AND FELISHA TOLEDO TO DISMISS COUNTER-PLAINTIFF'S COUNTERCLAIM PURSUANT TO RULES 12(b)(6) AND 8(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff and Counter-Defendant Specialty Medical Equipment, Inc., and

Counter-Defendants GoHealth 360, LLC and Felisha Toledo (collectively

"Counter-Defendants") respectfully move the Court for an Order dismissing

Defendant and Counter-Plaintiff Mark Dobronski's Counterclaim (ECF No. 15)

with prejudice, pursuant to Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil

Procedure.  Counter-Plaintiff's Counterclaim fails to provide Counter-Defendants

1

adequate notice of the claims against them and fails to state a claim upon which relief may be granted.

In support of this Motion, Counter-Defendants submit an accompanying Brief in Support and Proposed Order.

Respectfully submitted,

/s/ Lisa A. Messner
Lisa Messner (OH Bar #0074034)
MAC MURRAY & SHUSTER, LLP
6525 West Campus Oval, Ste. 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
Email:lmessner@mslawgroup.com


The Health Law Partners, P.C.
ROBERT DINDOFFER (P72319)
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
T: (248) 996-8510
E: rdindoffer@thehlp.com

*Counsel for Plaintiff and Counter-Defendant Specialty Medica Equipment, Inc. and Counter-Defendants GoHealth360, LLC, and Felisha Toledo*

2

**LOCAL RULE 7.1 STATEMENT OF CONFERRAL**

In accordance with Local Rule 7.1(a), Attorney Robert J. Dindoffer, as counsel for Plaintiff and Counter-Defendant Specialty Medical Equipment, Inc., and Counter-Defendants GoHealth 360, LLC, and Felisha Toledo, certifies that she conferred with counsel for Defendant and Counter-Plaintiff Mark Dobronski via telephone on May 12th, 2026 about this Motion. Counsel for Defendant and Counter-Plaintiff advised he intends to oppose this Motion and is not in concurrence with the same.

Dated: May 13, 2026

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa Messner (OH Bar #0074034)
MAC MURRAY & SHUSTER, LLP
6525 West Campus Oval, Ste. 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
Email:lmessner@mslawgroup.com


The Health Law Partners, P.C.
ROBERT DINDOFFER (P72319)
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
T: (248) 996-8510
E: rdindoffer@thehlp.com

*Counsel for Plaintiff and Counter-Defendant Specialty Medica Equipment,*

*Inc. and Counter-Defendants*
*GoHealth360, LLC, and Felisha Toledo*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 13th of May, 2026, with the Clerk of the Court using CM/ECF, which will serve all parties and counsel having appeared in this matter.  Additionally, the undersigned has furnished a copy of the foregoing document to counsel for Defendant and Counter-Plaintiff mark Dobronski, via electronic mail and regular U.S. mail at the address listed below:

David E. Sims
Weisman, Young & Ruemenapp, P.C.
30100 Telegraph Road, Suite 428
Bingham Farms, MI 48025
T: (248) 258-8927
F: (248) 258-8927
E: dsims@wyrpc.com

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa Messner (OH Bar #0074034)
MAC MURRAY & SHUSTER, LLP
6525 West Campus Oval, Ste. 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
Email:lmessner@mslawgroup.com

4

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SPECIALTY MEDICAL EQUIPMENT, INC.,**

       Plaintiff/Counter-Defendant,

                                  Case No. 2:25-cv-106640-MAG-CI

v.                                    Hon. Mark A. Goldsmith

                                  Magistrate Curtis Ivy, Jr.

**MARK DOBRONSKI,**

       Defendant/Counter-Plaintiff,

v.

**GOHEALTH, 360, LLC,** a Delaware
Limited liability company and
**FELISHA TOLEDO,** a Florida Resident,

       Additional Counter-Claim Defendants.

_____/

## BRIEF IN SUPPORT OF
## MOTION OF COUNTER-DEFENDANTS SPECIALTY MEDICAL EQUIPMENT, INC., GOHEALTH360, LLC, AND FELISHA TOLEDO TO DISMISS COUNTER-PLAINTIFF'S COUNTERCLAIM PURSUANT TO RULES 12(b)(6) AND 8(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................... ii

TABLE OF AUTHORITIES........................................................... iii

ISSUES PRESENTED....................................................................1

CONTROLLING OR MOST APPROPRIATE AUTHORITIES......................2

I.   INTRODUCTION ................................................................3

II.   FACTS PLED IN THE COUNTERCLAIM ..............................5

III.   APPLICABLE LEGAL STANDARDS ...................................10

   A.   Failure to state a claim under Fed. R. Civ. P. 12(b)(6) ..................10

   B.   Failure to properly plead as required by Fed. R. Civ. P. 8(a)(2)....................11

IV.   LAW AND ARGUMENT ......................................................13

   A.   The Counts in Counter-Plaintiff's Counterclaim improperly group the "Counterclaim Defendants or their agent" together, with none being directed at a particular Counter-Defendant. ................................................................13

   B.   The Counterclaim fails to plausibly plead facts sufficient to establish Counter-Defendants are directly or vicariously liable for alleged calls placed by unidentified vendors. ................................................................17

V.   CONCLUSION ..................................................................22

## TABLE OF AUTHORITIES

**Cases**

*Arnold v. CooperSurgical, Inc.*, No. 2:22-CV-1951, 681 F.Supp.3d803, 824, (S.D. Ohio July 10, 2023) ...............................................................................................2, 13

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................2, 10, 11

*Banerjee v. Univ. of Tennessee*, 820 F. App'x 322, 329 (6th Cir. 2020)...................22

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .........................................2, 11

*Christopher Seri v. CrossCountry Mortg., Inc.*, Case No. 1:16-CV-01214-DAP, 2016 WL 5405257 at *5 (N.D. Ohio Sept. 28, 2016). .............................. 3, 19, 20

*Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013).....................14

*Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6574 (2013) .....................................3, 19

*Dobronski v. Tobias & Associates, Inc.* No. 23-10331, 2024 WL 1174553, at *2 (E.D. Mich. Mar. 18, 2024) ....................................................................................17

*Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222........................21

*Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009) .....................11

*Johansen v. Vivant, Inc.*, Case No. 12 C 7159, 2012 WL 6590051 (N.D. Ill. Dec. 18, 2012)...............................................................................................................14

*K.O. v. G6 Hosp., LLC*, 728 F. Supp. 3d 624, 640 (E.D. Mich. 2024) ................2, 12

*Katz v. CrossCountry Mortgage*, Case No. 1:22-cv-00925, 2022 WL 16950481 (N.D. Ohio Nov. 15, 2022) .....................................................................................14

*Kensu v. Corizon, Inc.,* 5 F.4th 646, 651 (6th Cir. 2021) ...................................11, 12

*Lee v. Ohio Education Association*, 951 F.3d 386, 392-393 (6th Cir. 2020)...........14

*Marcilis v. Township of Redford* 693 F.3d 589, 596 (6th Cir. 2012).......................12

*Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002).........................................21

**Statutes**

Michigan Home Solicitation Sales Act M.C.L. § 445 ................................................4

Michigan Telephone Companies as Common Carriers Act, M.C.L. § 484.125........4

Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1964 .................3

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ...........................4

**Rules**

Fed. R. Civ. Pro. 12 ................................................................................ 5, 10, 18

Fed. R. Civ. Pro. 8 ................................................................................5, 7, 10, 11

## ISSUES PRESENTED

1. Whether the Counts as pled in the Defendant and Counter-Plaintiff's Counterclaims improperly group the Plaintiffs and Counter-Defendants together failing to meet the pleading requirement of Rule 8 of the Federal Rules of Civil Procedure?

**Counter-Defendants' Answer: Yes**

2. Whether Defendant and Counter-Plaintiff plausibly pleads facts sufficient to connect any Plaintiff and Counter-Defendant to any of the calls he alleges to have received?

**Counter-Defendants' Answer: No**

3. Whether Defendant and Counter-Plaintiff plausibly pleads facts sufficient to state a claim for relief against any Plaintiff and Counter-Defendant under a theory of vicarious liability for the alleged acts of unidentified call centers?

**Counter-Defendants' Answer: No**

1

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

In support of Counter-Defendants' position that Defendant and Counter-Plaintiff's Counterclaims improperly group the Counter-Defendants together failing to meet the pleading requirement of Rule 8 of the Federal Rules of Civil Procedure, Counter-Defendants rely on the following authorities:

Authorities:

*Kensu v. Corizon*, *Inc.,* 5 F.4th 646 (6th Cir. 2021)

*K.O. v. G6 Hosp., LLC*, 728 F. Supp. 3d 624 (E.D. Mich. 2024)

*Arnold v. CooperSurgical, Inc.*, No. 2:22-CV-1951, 681 F.Supp.3d 803 (S.D. Ohio July 10, 2023)

In support of Counter-Defendants' position that Defendant and Counter-Plaintiff fails to plausibly plead facts sufficient to connect any Counter-Defendant to the calls he alleges to have received, Counter-Defendants rely on the following authorities:

Authorities:

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Howard v. City of Girard, Ohio*, 346 F. App'x 49 (6th Cir. 2009)

In support of Counter-Defendants' position that Defendant and Counter-Plaintiff fails to plausibly plead facts sufficient to state a claim for relief against any

2

Counter-Defendant under a theory of vicarious liability for the alleged acts of unidentified call centers, Counter-Defendants rely on the following authorities:

Authorities:

*In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574 (2013)

*Christopher Seri v. CrossCountry Mortg., Inc.*, Case No. 1:16-CV-01214-DAP, 2016 WL 5405257 (N.D. Ohio Sept. 28, 2016).

## I.    INTRODUCTION

Plaintiff Specialty Medical Equipment ("SME") first filed this action on March 10, 2025, alleging civil fraud, wire fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1964(c) against Defendant Mark Dobronski ("Mr. Dobronski"). (ECF No. 1) In particular, SME alleged that it uncovered evidence of an unlawful and fraudulent scheme conducted by Mr. Dobronski where he posed as a patient to give "false information…intend[ing] to trick SME into acting on the claims, potentially to later exploit those interactions for personal gain." (ECF No. 1 at ¶ 27)

Mr. Dobronski filed a motion to dismiss on around March 27, 2025. (ECF No. 4) SME then filed a First Amended Complaint (the "FAC") realleging similar

causes of action, and the Court entered an Order denying Mr. Dobronski's motion as moot on April 22, 2025.  (ECF Nos. 6-7) Mr. Dobronski again moved to dismiss the FAC on April 24, 2025, and the Parties briefed the issues. (ECF Nos. 8-10) The Court ultimately denied Mr. Dobronski's motion on February 26, 2026.  (ECF No. 12)

Mr. Dobronski filed an Answer with Affirmative Defenses to the FAC on March 10, 2026. (ECF No. 14) That same day Mr. Dobronski (hereafter "Defendant" or "Counter-Plaintiff") filed a Counterclaim (the "Counterclaim") against Specialty Medical Equipment, and adding the parties GoHealth 360, LLC, and Felisha Toledo, an individual (hereafter collectively the "Counter-Defendants").  (ECF No. 15)

The Counterclaim asserts eight counts total. (ECF no. 15 at ¶¶ 80-118) Six counts are premised on alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and associated regulations, and the seventh count alleges violations of the Michigan Home Solicitation Sales Act M.C.L. § 445.11a(5). *Id* at ¶¶ 80-113. Counter-Plaintiff's eight and final count alleges a violation of the Michigan Telephone Companies as Common Carriers Act, M.C.L. § 484.125(2)(b).  *Id* at ¶¶ 114-118.

Each of the eight counts are directed against the Counter-Defendants collectively but, critically, none of the Counts are clearly directed at any particular

Counter-Defendant.  Drafted in this manner, the Counterclaim completely fails to connect specific events with the various Counts asserted by Counter-Plaintiff. Pleading in this fashion violates Rule 8(a)(2)'s requirement that Counter-Plaintiff provide Counter-Defendants with adequate notice of the claims against them and the grounds for such claims, warranting dismissal of the Counterclaim.

Furthermore, even though Counter-Plaintiff alleges receipt of "in excess of 300 calls," all eight counts in the Counterclaim are premised on, and Counter-Plaintiff only provides details regarding, a total of three calls specifically.  (ECF No. 15 at ¶ 27; ¶¶ 50-79) Counter-Plaintiff fails, however, to provide any facts indicating Counter-Defendants placed any of these calls, or that Counter-Defendants are liable for the conduct of the third-party that allegedly placed these calls.  Accordingly, Counter-Plaintiff's Counterclaim is also subject to dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6).

## II.    <u>FACTS PLED IN THE COUNTERCLAIM</u>

Counter-Plaintiff alleges that he uses the telephone numbers (734) 768-2170 through (734) 768-2179 (the "Dobronski Numbers") for personal non-commercial purposes and that the Dobronski Numbers have been listed on the National Do-Not-Call registry since at least June 27, 2024.  (ECF No. 15 at ¶¶ 15-17)

Counter-Plaintiff alleges that he began receiving telemarketing calls directed towards the Dobronski Numbers in June 2024, and that a majority of such calls

displayed caller-identification numbers in the format (734) 768-2XXX. (ECF No. 15 at ¶¶ 19-25; ¶ 27) Counter-Plaintiff further alleges that in an unspecified number of these calls the caller "consistently identified as being with "Diabetic Supply Team."" *Id.* at ¶ 25.  Plaintiff then argues that "it is reasonable to infer that many of the unanswered calls displaying the same (734)-768-2XXXX format were likewise placed by or on behalf of "Diabetic Supply Team" as part of the same coordinated campaign" despite explicitly acknowledging that the calls went unanswered and that Counter-Plaintiff did not speak to the caller.  *Id.* at ¶ 26.

As noted, Counter-Plaintiff alleges he received "in excess of 300 calls[.]" (ECF No. 15 at ¶ 27) In spite of these lofty allegations, Counter-Plaintiff only provides articulable details regarding three total calls. *Id.* at ¶¶ 50-79. Counter-Plaintiff alleges that all three calls began with a several second period of silence. *Id.* at ¶ 52; ¶ 60; ¶ 76. Although Counter-Plaintiff alleges these calls were placed by "Counterclaim Defendants or their agent," he concedes in each instance that the caller identified themselves as calling from "Diabetic Supply Team." *Id.* at ¶ 52; ¶¶ 60-61; ¶¶75-76. Indeed, in none of the three calls do the callers identify themselves as calling with Counter-Defendants, or on Counter-Defendants' behalf. *Id*.

Counterclaim-Plaintiff alleges eight separate counts premised on these three calls.  Critically, seven of the eight Counts in the Counterclaim are generically

6

directed at the activities of "Counterclaim Defendants or their agents" as a group and does not put Counter-Defendants on notice of their respective roles in the alleged violations.  (ECF No. 15 at ¶83; ¶ 86; ¶ 90; ¶ 93; ¶ 97; ¶ 106; ¶ 118) The remaining Count is similarly generically directed at "Counterclaim Defendants," and likewise fails to put Counter-Defendants on notice of the specific allegations against them.  *Id.* at ¶ 102. The Counts drafted in this manner violate Rule 8(a)(2)'s requirement that Counter-Plaintiff provide the Counter-Defendants with adequate notice of the claims against them and grounds for such claims.

In addition, the Counterclaim as a whole fails to allege facts connecting Counter-Defendants to the calls at issue. At no point during any of the calls do the callers identify themselves as calling with or on behalf of Counter-Defendants. (ECF No. 15 at ¶ 52; ¶¶ 60-61; ¶¶ 75-76) With regards to the first and third calls, Counterclaim-Defendants are not alleged to even have been identified or mentioned at *any* point during the calls, and no actual facts are offered indicating that Counterclaim-Defendants had any involvement with these calls.  (See ECF No. 15 at ¶¶ 50-57; ¶¶ 74-79)

With respect to the second call, Counter-Plaintiff alleges that he again spoke with a representative from Diabetic Supply Team, who allegedly promoted the entity "Every Way Health," and who allegedly indicated that the provider for some of the offered supplies was "Specialty Medical Equipment, Inc."  (ECF No. 15 at

¶¶ 64-65) On this point, the Counterclaim completely fails to specify any actual facts connecting control over the name "Diabetic Supply Team" or "Every Way Health" to any specific Counter-Defendant, nor does it otherwise plead facts to plausibly allege that the calling party maintained an exclusive relationship with any of the Counter-Defendants such that each call would necessarily be transferred or connected to one of them.  Counter-Plaintiff also fails to allege any facts whatsoever indicating why or how this representative's actions are attributable to Counter-Defendant GoHealth360, LLC.

Instead, Counter-Plaintiff merely alleges in conclusory fashion that "upon information and belief, "Diabetic Supply Team is a fictitious name, assumed name, or marketing alias" used by Counter-Defendants.  (ECF No. 15 at ¶ 7) Counter-Plaintiff further alleges that Counter-Defendant GoHealth360, LLC, markets under the name "Every Way Health." *Id.* at ¶ 5. Fatally, however, Counter-Plaintiff fails to allege *facts* connecting any of the Counter-Defendants to ownership or control of the names Diabetic Supply Team or Every Way Health during these calls.

The Counterclaim also identifies the use of telephone numbers containing caller-identification in a format similar to the Dobronski Numbers, and alleges that this evidences deliberate spoofing.  (ECF No. 15 at ¶ 20) However, the Counterclaim fails to state *facts* inferring that any of the Counterclaim-Defendants are in fact associated with those Caller ID numbers.

8

While Counter-Plaintiff attempts to allege that the companies here have common ownership and work towards a common purpose, Counter-Plaintiff does not describe this alleged relationship in any type of detail that would put Counter-Defendants on notice of the allegations against them and permit them to properly defend this case. (See ECF No. 15 at ¶¶ 8-11) Instead, Counter-Plaintiff offers formulaic legal recitations alleging that Counter-Defendants operated as a "unified telemarketing enterprise" with "overlapping management and coordinated marketing efforts." *Id.* at ¶¶ 8-11.  These generic allegations do not identify the time, place, manner, degree, or nature of the alleged relationship between the Counter-Defendants and are insufficient to place Counter-Defendants on notice of the claims against them.

Similarly telling is Counter-Plaintiff's lack of plausible facts sufficient to state claims against Counter-Defendant Felisha Toledo in her individual capacity. Instead, Counter-Plaintiff cites to law finding certain circumstances may exist warranting individual liability ability under the TCPA and for tortious conduct. (ECF No. 15 at ¶¶ 38-40) Critically, however, Counter-Plaintiff does not plead facts sufficiently supporting these claims.  Instead, Plaintiff merely alleges that he made a do-not-call request to Counter-Defendant Toledo after stating he was receiving calls identified as being from "Diabetic Supply Team," and that Counter-Defendant Toledo allegedly stated she would "handle the request."  *Id.* at ¶¶ 71-72.

9

These conclusory allegations, standing alone, fail to plead facts sufficient to state claims against Counter-Defendant Toledo, such as allegations that she actually initiated a telephone call to Counter-Plaintiff or directed the allegedly unlawful conduct.

In sum, the Counterclaim improperly groups the Counter-Defendants together and is subject to dismissal for failure to satisfy the pleading standard of Fed. R. Civ. Pro. 8(a)(2). Counter-Plaintiff also fails to allege *facts* indicating Counter-Defendants placed any of these calls, or that Counter-Defendants are liable for the conduct of the third-party that allegedly placed these calls. Instead, Counter-Plaintiff fails to plausibly allege any theory of direct or third-party liability putting Defendants on notice of the individual claims against them, or plausibly stating a claim upon which relief may be granted as is required by Fed. R. Civ. Pro. 12(b)(6). Any further amendment would be futile, and Counter-Defendants respectfully submit that Counter-Plaintiff's Counterclaim is subject to dismissal with prejudice on this basis.

## III.   <u>APPLICABLE LEGAL STANDARDS</u>

A. <u>Failure to state a claim under Fed. R. Civ. P. 12(b)(6)</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

10

Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009)*; Iqbal* at 556 U.S. 662, 678. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*, 556 U.S. at 678 (quotations and citation omitted).

B.  <u>Failure to properly plead as required by Fed. R. Civ. P. 8(a)(2)</u>

Courts also dismiss pleadings where they fail to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts properly exercise their discretion to dismiss when "the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." In *Kensu v. Corizon*, *Inc.*, the Sixth Circuit explained when dismissal is warranted under Rule 8(a)(2):

> What is a short and plain statement of a claim or a simple, clear, and direct allegation will, of course, depend on the totality of the circumstances: more

11

complicated cases will generally require more pleading. **What Rule 8 proscribes is *obfuscation* of the plaintiff's claims**. **The district court and defendants should not have to "fish a gold coin from a bucket of mud" to identify the allegations really at issue**. So, while excessive length may indicate a lack of requisite concision and simplicity, it cannot be the sole factor justifying dismissal. (Emphasis added.)

*Kensu v. Corizon*, *Inc.,* 5 F.4th 646, 651 (6th Cir. 2021) (internal citation omitted).

In *Kensu*, the Sixth Circuit affirmed the dismissal of the Plaintiff's Complaint and noted that the plaintiff had recited in detail alleged conduct subject to other lawsuits in which he was involved, making it difficult to figure out which allegations were actually at issue as opposed to those that are background.

Similarly, in *Marcilis v. Township of Redford*, the Court dismissed claims against two defendants where the claims failed to "allege, with particularity, facts that demonstrate what *each* defendant did to violate" the law at bar. 693 F.3d 589, 596 (6th Cir. 2012). The Court further noted that "simply lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct fails to satisfy the minimum standard that a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests." *Id.* at 596.  The Sixth Circuit views these "shotgun pleadings" which make it "virtually impossible to know which allegations of fact are intended to support which claims for relief" as impermissible.  See *K.O. v. G6 Hosp., LLC*, 728 F. Supp. 3d 624, 640 (E.D. Mich. 2024) quoting *Arnold v. CooperSurgical, Inc.*, No.

12

2:22-CV-1951, 681 F.Supp.3d803, 824, (S.D. Ohio July 10, 2023) (collecting

cases).

### IV.   <u>LAW AND ARGUMENT</u>

A. <u>The Counts in Counter-Plaintiff's Counterclaim improperly group the "Counterclaim Defendants or their agent" together, with none being directed at a particular Counter-Defendant.</u>

Here, the Counterclaim contains eight Counts, with seven Counts being

generically directed at "Counterclaim Defendants or their agents" (ECF No. 15 at ¶

83; ¶ 86; ¶ 90; ¶ 93; ¶ 97; ¶ 106) Counter-Plaintiff's Count relating to Caller ID

transmission is, similarly, generically directed at "Counterclaim Defendants" as a

group.  This Count also claims "Counterclaim Defendants engaged in

telemarketing," implying a theory of direct liability, then later in the same

paragraph inconsistently claims that that Counterclaim Defendants are liable for

failing to transmit the name of an unspecified third-party "telemarketer." *Id* at 102.

Moreover, Counter-Plaintiff fails to state enough facts in the Counterclaim to

provide notice to each Defendant about what their roles were in the alleged

unlawful conduct.  The Sixth Circuit holds that where a plaintiff's failure to

"connect specific facts or events with the various causes of action" asserted, Rule

8(a)(2)'s requirement that plaintiff provide defendants with "adequate notice of the

claims against them and the grounds upon which each claims rests" is not met.  *Lee*

*v. Ohio Education Association*, 951 F.3d 386, 392-393 (6th Cir. 2020), citing

*Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013).

Also, illustrative is the holding in *Katz v. CrossCountry Mortgage*, Case No.

1:22-cv-00925, 2022 WL 16950481 (N.D. Ohio Nov. 15, 2022).  In *Katz*, the court

held a plaintiff "is also required to make 'some additional factual allegations, no

matter how minor, in addition to parroting the language of the statute, to

sufficiently allege that Defendant utilized a prerecorded or artificial voice or used

an ATDS system."  In dismissing the Plaintiff's claims with prejudice, the Court

noted that "it is not unreasonable to require a plaintiff to describe the phone

messages he received in laymen's terms or provide the circumstances surrounding

them to establish his belief that the messages were pre-recorded or delivered via

the ATDS." *Id.*, citing *Johansen v. Vivant, Inc.*, Case No. 12 C 7159, 2012 WL

6590051 (N.D. Ill. Dec. 18, 2012).

Here, Counter-Plaintiff's Counterclaim is fatally deficient.  The

Counterclaim is extensive, containing eight separate counts over one-hundred and

eighteen numbered paragraphs, but ultimately pleads few articulable facts.  On this

point the Counterclaim is replete with legal conclusions and speculation about

Counter-Defendants' respective business models, and unfoundedly asserts that

Counter-Defendants deceptively operate under alternative business names, but

provides no *facts* connecting Counter-Defendants to the alleged unlawful conduct.

14

For example, Counter-Plaintiff alleges receipt of three calls between February 3, 2025, and March 18, 2025, placed by Counterclaim-Defendants or their unidentified agent. (ECF No. 15 at ¶ 50; ¶ 58; ¶ 74) However, in each instance the caller identifies themselves as being with "Diabetic Supply Team." *Id.* at ¶ 52; ¶ 61; ¶ 76. The only time any of the Counter-Defendants are even *mentioned* is when one of the callers claims the provider for some of the supplies is Specialty Medical Equipment.  *Id.* at ¶ 66. However, even here, Counter-Plaintiff fails to offer any facts indicating why the caller's actions are therefore attributable to Counter-Defendant SME. The fact that Counter-Plaintiff haphazardly groups the Counter-Defendants together throughout the Counts such that their individual roles in the alleged conduct is indiscernible further complicates the issue.

Counter-Plaintiff's theory of liability is also unclear.  In some areas Counter-Plaintiff intimates a theory of joint venture liability. (See e.g. ECF. No 15 at ¶ 10) In other areas Counter-Plaintiff suggests common ownership.  *Id.* at ¶¶ 8-9. Counter-Plaintiff further cites to traditional agency principles in other spots, though he does not specify the theory of agency at play here.  See e.g. *Id.* at ¶ 44. Counter-Plaintiff's Counts also simultaneously and confusingly allege both direct liability, and vicarious liability through the acts of "Counterclaim Defendants <u>or</u> their agents."  (ECF No. 15 at ¶ 83; ¶ 86; ¶ 90; ¶ 93; ¶ 97; ¶ 106; ¶ 118) (emphasis added) On this same point, throughout the Counts, Counter-Defendants are alleged

15

to have acted through unnamed "agents" in the plural. *Id*.  Contradictorily, however, in Counter-Plaintiff's factual allegations, he repeatedly references the acts of "Counterclaim Defendants or their agent" in the singular.  *Id*. at ¶ 52; ¶¶ 60-61; ¶¶ 75-76. Regardless, none of these theories are plead with any degree of specificity that would put Counter-Defendants on notice of the claims against them.

Moreover, with respect to Counter-Plaintiff's alleged receipt "in excess of 300 calls to the Dobronski Numbers," Counter-Plaintiff asserts that because these calls followed a certain caller-ID format and did not have CNAM information, and because *previous* calls with this caller-ID format and without CNAM information were allegedly from "Diabetic Supply Team," "it is reasonable to infer that many of the unanswered calls displaying the same…format were likewise placed by or on behalf of "Diabetic Supply Team[.]"" (ECF No. 15 at ¶ 26)  First, Counter-Plaintiff does not explain how it is reasonable to infer that some of these calls are from Diabetic Supply Team, whereas others are not, or what criteria Counter-Plaintiff used to make this distinction.  Regardless, Counter-Plaintiff fails to allege actual *facts* connecting any of the Counter-Defendants to ownership or partnership with the name Diabetic Supply team.

Indeed, this Court has dismissed a similar Complaint from this same Counter-Plaintiff for failure to abide by this very requirement.  In *Dobronski v.*

16

*Tobias & Associates, Inc.*, the Eastern District of Michigan dismissed a complaint involving this same Counter-Plaintiff where the court found "that the complaint does not provide adequate notice of the claims against each Defendant. Plaintiff has not sufficiently alleged facts that distinguish each Defendant's alleged role." No. 23-10331, 2024 WL 1174553, at *2 (E.D. Mich. Mar. 18, 2024).  In relevant part, the Court noted that "Plaintiff does not list Defendants under each count." *Id.* at *3.  For example, "Counts I and VII reference "Defendant or Defendant's agent."" *Id*. The Court ultimately dismissed Mr. Dobronski's pleading, holding that "Plaintiff's complaint lacks sufficient factual allegations related to each Defendant." *Id*.

The same result should obtain here.  Counter-Plaintiff's Counterclaim impermissibly groups the Counter-Defendants together such that each Counter-Defendant lacks notice of the claims alleged against them in violation of Fed. R. Civ. Pro. 8(a)(2).  Counter-Plaintiff has also failed to allege facts putting the Counter-Defendants on notice of the theory of liability against them. Accordingly, Counter-Defendants respectfully submit that Counter-Plaintiff's Counterclaim should be dismissed with prejudice.

   B. <u>The Counterclaim fails to plausibly plead facts sufficient to establish Counter-Defendants are directly or vicariously liable for alleged calls placed by unidentified vendors.</u>

Counter-Plaintiff's Counterclaim fails to allege any factual basis holding Counter-Defendants directly or vicariously liable for any purported acts of the third-parties or agents that allegedly placed the calls, and the Counterclaim is subject to dismissal under Fed. R. Civ. Pro. 12(b)(6) pursuant to the same.

Counter-Defendants initially and respectfully note that Counter-Plaintiff's theory of liability is unclear. Regardless, and as an initial matter, Counter-Plaintiff provides no facts supporting a theory of direct liability.  Seven of the Counterclaim's Counts contradictorily allege at "Counterclaim Defendants or their agents" committed the violation. (See ECF No. 15 at ¶ 83; ¶ 86; ¶ 90; ¶ 93; ¶¶ 97; 106) The final count claims "Counterclaim Defendants engaged in telemarketing," implying a theory of direct liability, then later in the same paragraph inconsistently argues Counterclaim Defendants are liable for failing to transmit the name of an unspecified third-party "telemarketer." *Id.* at ¶ 102.  However, for each of the three calls received and alleged by Counter-Plaintiff, Counter-Plaintiff specifically admits that the caller indicates they are calling on behalf of Diabetic Supply Team. *Id.* at ¶ 52; ¶¶ 60-61; ¶¶ 75-76.  Counter-Plaintiff offers no facts indicating that any of the Counter-Defendants placed or initiated these alleged calls, and the Counterclaims are subject to dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6).

Counter-Plaintiff also fails to state facts plausibly giving rise to a claim for relief under a theory of vicarious liability.  A defendant can only be subject to

18

vicarious liability for violations of the TCPA where common law principles of agency would impose it.  See *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6574 (2013).  "Liability by agency relationship may be effected through the delegation of actual authority, apparent authority, or ratification through acceptance of benefits of the acts." *Christopher Seri v. CrossCountry Mortg., Inc.*, Case No. 1:16-CV-01214-DAP, 2016 WL 5405257 at \*5 (N.D. Ohio Sept. 28, 2016).

As the Northern District of Ohio reasoned in *Christopher Seri v. CrossCountry Mortg., Inc.*, supra, at \*6, where a defendant does not have authority or control over the third party placing the calls, and did not exercise sufficient control over the manner and means in which the allegedly wrongful calls at issue were made, the defendant cannot be held vicariously liable under the TCPA on agency principles.  Id. at \*7 (granting Defendant's Motion to Dismiss based on the fact that Plaintiff did not plead facts to support a direct liability theory or a vicarious liability theory).

Here, similarly, the Counterclaim reiterates the legal standards of agency but lacks ***factual*** allegations concerning an agency relationship, let alone allegations that Counter-Defendants granted actual authority to anyone to place calls in

19

violation of the TCPA, or controlled the manner and mans of the calls identified in the Counterclaim.  See *Christopher Seri v. CrossCountry Mortg., Inc.,* supra. Instead, the Counterclaim contains no plausible ***facts*** to suggest that Counter-Defendants had any authority or control over the entity that placed the alleged calls; authorized the calls; authorized the use of an automatic telephone dialing system as alleged; or in any way controlled the initiation and transmission of the calls or any other communications.  Without pleading any such facts, Counter-Plaintiff cannot satisfy his burden of stating a claim against Counter-Defendants under the TCPA, its promulgating regulations, or under Michigan state law.

Counter-Plaintiff's allegations relating to individual Counter-Defendant Toledo are particularly nondescript.  Counter-Plaintiff merely alleges that he made a do-not-call request to Conter-Defendant Toledo, and that she stated she would "handle it." (ECF No. 15 at ¶¶ 68-72) Counter-Plaintiff does not allege that Counter-Defendant Toledo actually initiated the calls at issue, or directed the allegedly unlawful conduct.  As such, the facts do not plausibly give rise to a claim for relief premised upon individual officer liability. See *Id*. at ¶¶ 40-41.

Moreover, Counter-Plaintiff's conclusory allegation that Counter-Defendants' alleged violations of the TCPA "were willful and/or knowing," without stating any facts about how they knew, is wholly insufficient.  (ECF No. 15 at ¶ 84; ¶ 87; ¶ 91; ¶ 94; ¶ 98; ¶ 104) Counter-Plaintiff's mere use of the labels

and his conclusion that others were acting subject to Counter-Defendants' control and direction to allege vicarious liability against Counter-Defendants is "insufficient to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Counter-Plaintiff has not pled ***facts*** to plausibly infer that any Counter-Defendant can be held either directly or indirectly responsible for placing the calls he allegedly received, the Counterclaim should be dismissed.

Counter-Defendants further submit that this Court may dismiss Counter-Plaintiff's Counterclaim with prejudice.  Denial of leave to amend a complaint may be appropriate "where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."" *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) quoting *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222.

Here, the Counterclaim repeatedly conflates the Counter-Defendants in this action without identifying actions or liability attributable to them individually. Furthermore, Counter-Plaintiff offers only conclusory labels regarding the Counter-Defendants' alleged involvement and, to this point, does not offer a cognizable theory of direct or third-party liability. Any amendment would not cure this deficiency and would be futile, as Counter-Plaintiff lacks facts to assert a

21

discernable theory of liability or to state a claim upon which relief may be granted.

See e.g. *Banerjee v. Univ. of Tennessee*, 820 F. App'x 322, 329 (6th Cir. 2020)

(amendment is considered futile "where a proposed amendment would not survive

a motion to dismiss") (additional quotations omitted). Counter-Defendants

therefore respectfully submit that the Court may properly dismiss Counter-

Plaintiff's Counterclaim with prejudice in the present matter.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Counter-Plaintiff Mark Dobronski's Counterclaim

does not put Counter-Defendants on notice of the claims against them, and fails to

state any plausible claim for relief against the Counter-Defendants.  Accordingly,

Counter-Defendants respectfully request that the Court grant this Motion to

Dismiss and enter an Order dismissing Counter-Plaintiff Mark Dobronski's

Counterclaim with prejudice.

<div style="margin-left:auto; width:50%;">

Respectfully submitted,

<u>/s/ Lisa A. Messner</u>
Lisa Messner (OH Bar #0074034)
MAC MURRAY & SHUSTER, LLP
6525 West Campus Oval, Ste. 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
Email:<u>lmessner@mslawgroup.com</u>

</div>

22

The Health Law Partners, P.C.
ROBERT DINDOFFER (P72319)
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
T: (248) 996-8510
E: rdindoffer@thehlp.com

*Counsel for Plaintiff and Counter-Defendant Specialty Medica Equipment, Inc. and Counter-Defendants GoHealth360, LLC, and Felisha Toledo*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been furnished electronically on this 13th of May, 2026, with the Clerk of the Court using CM/ECF, which will serve all parties and counsel having appeared in this matter.  Additionally, the undersigned has furnished a copy of the foregoing document to counsel for Defendant and Counter-Plaintiff mark Dobronski, via electronic mail and regular U.S. mail at the address listed below:

David E. Sims
Weisman, Young & Ruemenapp, P.C.
30100 Telegraph Road, Suite 428
Bingham Farms, MI 48025
T: (248) 258-8927
F: (248) 258-8927
E: dsims@wyrpc.com

Respectfully submitted,

23

/s/ Lisa A. Messner
Lisa Messner (OH Bar #0074034)
MAC MURRAY & SHUSTER, LLP
6525 West Campus Oval, Ste. 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
Email:lmessner@mslawgroup.com

*Counsel for Plaintiff and Counter-Defendant Specialty Medica Equipment, Inc. and Counter-Defendants GoHealth360, LLC, and Felisha Toledo*

24